DICKSON, Chief Justice,
concurring.
I applaud the carefully researched and thoughtful separate opinions of Justices Rucker and Massa. But I find determinative the actual language of the Right to Bail Clause of the Indiana Constitution.
Offenses, other than murder or treason, shall be bailable by sufficient sureties. Murder or treason shall not be bailable, when the proof is evident or the presumption strong.
Ind. Const. art. 1, § 17. Put another way, this provision declares a general rule that criminal offenses are bailable, with one exception, for murder and treason, that arises upon satisfaction of a prerequisite— where “the proof is evident or the presumption strong.” When such prerequisite is satisfied, then the exception to the right to bail applies, and murder or treason “shall not be bailable.”
As expressed in the language of our Right to Bail Clause, it is the presence of one of the prerequisite factors (that “the proof is evident or the presumption strong”) not its absence, that must be shown to trigger the exception precluding bail for murder and treason. The Constitution’s text thus places upon the State, as the party seeking to prevent a murder or treason defendant from seeking bail, the burden of showing the existence of one of the prerequisite factors. Ensuing contrary opinions of this Court, or statutory attempts to codify such opinions, are contrary to the text of the Constitution and cannot prevail. For this reason, I concur with the majority.
The separate views of one or a few individual delegates do not necessarily establish the intentions of the majority of the delegates to the Constitutional Convention, and certainly not the understanding of the voters who ratified the Constitution. To ascertain the intentions of the majority of framers and ratifiers, the text of the Constitution remains the essential resource. When, as here, the text directly resolves the question, any contrary views of one or some of the delegates or contemporaneous jurists are irrelevant.
*452 The Court today announces a measured approach that fully implements the requirements of the Right to Bail Clause of our Constitution while at the same time honoring and adhering to the presumption of innocence. To obtain pre-trial detention without bail of a person charged with murder or treason, the State need only show that the accused more likely than not committed the charged crime. Only if the State cannot make this minimal showing may the trial court establish monetary bail or other conditions of pre-trial release. I am convinced that the standard established today represents a proper understanding and application of the Indiana Constitution’s Right to Bail Clause, and I thus concur.
RUSH, J., joins.